ENTERED ON THE DOCKET
DATE: 8-29-90

U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

STEVE GORSLINE,
                       Plaintiff,

v.                                CIVIL ACTION

                                      NO. 90-4079-S
COLLEGE OF LAKE COUNTY,
                       Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's response to the Magistrate's order to show cause why this action should not be dismissed for lack of service. Plaintiff filed this action on April 16, 1990. His application to proceed *in forma pauperis* was granted on the same date. The docket sheet reflects that on April 16, 1990, the Clerk also issued a summons to the plaintiff for service. However, no service upon defendant College of Lake County has been accomplished.

Rule 4(j) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> **(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. . . .

Plaintiff bears the burden of showing "good cause" for failure to serve the summons and complaint within the 120-day period prescribed by Rule 4(j). *Woods v. Partenreederei M.S. Yankee*

Clipper, 112 F.R.D. 115, 116 (D. Mass. 1986). Inadvertence or negligence in failing to serve within the Rule 4(j) time limit has generally been held not to satisfy the "good cause" standard; rather, reasonable and diligent efforts to effect service are required. See, e.g., Shuster v. Conley, 107 F.R.D. 755, 757 (W.D. Pa. 1985). Although the good cause standard may be somewhat less stringently applied in the case of a plaintiff proceeding pro se, "reasonable efforts as a layman" to effect service are still required. See LaBruno v. Fauver, 109 F.R.D. 43, 44 (D.N.J. 1985).

In his response to the Magistrate's show cause order, plaintiff asserts that he never received a stamped and endorsed copy of the summons from the Clerk. He further states that he "assumed that the reason no Summons had been sent on by the Clerk of the Court is that US Supreme Court directives allow for Clerks to dismiss suits where 'sufficient cause' is not found and it was thought that this later (sic) occasion had taken place." However, the response does not state that plaintiff made any attempt either to obtain service or to check with the Clerk as to the status of his lawsuit or the issuance of summons.

Upon examination of plaintiff's response to the Magistrate's show cause order, the record in this case and the applicable law concerning what constitutes "good cause" for failure to obtain service, the court finds that plaintiff has failed to demonstrate good cause for his failure to serve defendant within the 120-day period of Rule 4(j). According to the court's records, summons was issued to plaintiff for service on the same date plaintiff's case

was filed, April 16, 1990. If, as he alleges, plaintiff somehow did not receive the summons through the postal service, plaintiff, who has filed other actions in this court, reasonably could have made efforts to ascertain the status of the matter and to accomplish service. Rather, he did nothing until served with the August 17, 1990 show cause order. Because the court cannot find that plaintiff has demonstrated good cause for his failure to meet the requirements of Rule 4(j), this case will be dismissed.

**IT IS BY THE COURT THEREFORE ORDERED** that the above-captioned case is dismissed, without prejudice.

DATED: This 28 day of August, 1990, at Topeka, Kansas.

DALE E. SAFFELS
United States District Judge

DES:MJW

3

AO 72A
(Rev. 8/82)